**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4417**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD RAY BOSTON, a/k/a D Ray,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:11-cr-00097-BO-1)

Submitted: December 5, 2012          Decided: December 20, 2012

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Byron C. Dunning, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Ray Boston appeals his 151-month sentence for possessing with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, Boston contends both that his sentence is substantively unreasonable and that it is procedurally unreasonable in two respects: because the district court declined to hear evidence relevant to his motion for downward departure and because the district court assertedly inadequately explained its chosen sentence.

"[T]he rigorous plain-error standard applies to unpreserved claims of procedural sentencing error." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). To establish plain error, Boston must show that "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009). "If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002) (internal quotation marks and alterations omitted). In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United

2

States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that it was not plain error for the district court to decline Boston's offer to make his expert available to the court. We likewise discern no error in the district court's explanation of its chosen sentence. See Lynn, 592 F.3d at 578-79. Although the district court "might have said more" to explain the sentence it chose, Rita v. United States, 551 U.S. 338, 359 (2007), its explanation was elaborate enough "to allow [this court] to effectively review the reasonableness of the sentence." United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (internal quotation marks omitted).

Finally, Boston's argument that his sentence is substantively unreasonable is predicated upon his assertion that it is unreasonable to sentence him as a career offender without some explanation for that designation. Because we hold that the district court sufficiently explained Boston's sentence and because Boston has unearthed nothing else to disturb the presumptive reasonableness of his sentence, his argument on this score is meritless. See United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED